899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James ADKINS, Plaintiff-Appellee,
v.
Robert D. JOHNSON, Lt.; Dillard Davidson, Lt., Defendants-Appellants.
 No. 89-3977.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges; and JOHN FEIKENS, Senior District Judge.*
 
 ORDER
 
 2
 Defendants, Robert D. Johnson and Dillard Davidson, appeal an order of the district court which denied their motion for summary judgment based upon their assertion of good faith qualified immunity in a civil rights action. Plaintiff, James Adkins, moves to dismiss the appeal for lack of jurisdiction. Upon the review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff, an Ohio prisoner, filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Southern District of Ohio. As the basis of his claim, he alleged that in October 1986, defendants had secured his conviction for a prison rules infraction for consumption of an intoxicant. He further alleged that the disciplinary board's finding of guilt violated his right to due process as it was based upon the outcome of a urinalysis, the results of which could not serve as evidence due to defendants' failure to present evidence regarding the chain of custody of the urine sample used in that procedure. Accordingly, plaintiff reasoned that the board's decision was not supported by evidence sufficient to satisfy the standard established in Superintendent, Mass. Corr. Institution v. Hill, 472 U.S. 445, 455-56 (1985). Defendants' chief response was the filing of a motion for summary judgment in which they sought the dismissal of the complaint based in part upon their assertion of good faith qualified immunity. The district court, however, rejected that argument and denied the motion for summary judgment. Defendants then filed this appeal.
 
 
 4
 Plaintiff has moved to dismiss the appeal for want of jurisdiction. Specifically, he maintains that an order denying a motion for summary judgment is not final in nature and therefore may not be appealed pursuant to 28 U.S.C. Sec. 1291. That argument clearly lacks merit, however, as orders denying a defendant's assertion of good faith qualified immunity have been deemed to fall within that small category of orders which are sufficiently final to be immediately appealable, even in the absence of a final judgment disposing of the cause of action. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985).
 
 
 5
 This court has concluded that the district court erred in rejecting defendants' assertion of good faith immunity and denying their motion for summary judgment. A district court should grant summary judgment if, construing the facts in the light most favorable to the non-moving party, it can conclude that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).
 
 
 6
 Both those conditions are present in this appeal. There is no dispute of material fact as the parties agree that plaintiff was charged and ultimately found guilty of the disciplinary infraction of consumption of marijuana based upon his having tested positive for that substance in a urinalysis. The parties further agree that no evidence of the chain of custody over plaintiff's urine sample was presented at the disciplinary hearing. The chief issues remaining for resolution, therefore, are the legal questions of: 1) whether plaintiff's due process rights regarding the quantum of evidence needed to support the finding that he was guilty of consumption of marijuana under Hill, 472 U.S. at 455-56, required that defendants prove the chain of custody of the sample used in the urinalysis; and 2) if plaintiff does enjoy such a due process right, would a reasonable person in defendants' position have been aware of its existence. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 7
 This court need answer only the first of those questions as the case law discloses that this court has never extended an inmate's due process right regarding the sufficiency of evidence needed to sustain the finding of guilt for the disciplinary infraction of drug use to require proof of the chain of custody of the sample used in a urinalysis. In fact, this court has specifically rejected that proposition in Higgs v. Bland, 888 F.2d 443, 449 (6th Cir.1989). As a result the district court erred in determining that defendants were not entitled to the defense of good faith qualified immunity and denying their motion for summary judgment.
 
 
 8
 Accordingly, the motion to dismiss the appeal is denied and the district court's final order is hereby reversed and remanded to enter summary judgment for the defendants. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John Feikens, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation